## YOUNG v. DUGAN.

Where the clerk of the district court omitted to make the usual indorsement on arbitration papers left with him to be filed; the testimony of one of the arbitrators is admissible to show that the award had been returned to the clerk, within the time stipulated in the arbitration agreement.

ERROR, *to Dubuque District Court.*

*James Crawford,* for the plaintiff in error.

*Sanford* and *Smith,* for the defendant.

*Opinion by* GREENE, J.   The parties in this case submitted a matter of deference to arbitrators, under the regulations of the statute.   Their agreement to arbitrate contained a stipulation to have the award made and returned to the next term thereafter of the district court, for its confirmation.   It appears by the transcript of the record, that the agreement was regularly acknowledged on the 1st day of March, 1845; and that the award was concluded on the 30th day of April following. The term of the district court to which the award should have been returned, commenced on the first Monday in May, 1845. The papers and award were handed to the clerk of the district court by one of the arbitrators; but, for some reason, were not filed at the time of their reception.

The only error assigned is, that no award was made or returned within the time limited in the agreement of submission. By the affidavit of Warner Lewis, Esq., it appears that he, as one of the arbitrators, handed the award to the clerk of the district court the next day, as he believes, after the decision of the arbitrators.

This evidence, in connection with the presumption that the proceedings were regular and according to the terms of the submission until the contrary appears, confirms our opinion, that the court below did not err in receiving and acting upon the award.

                                        Judgment affirmed.